UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                                Case No. 13-20802

v.

                                                Hon. John Corbett O'Meara

TYRONE C. COLLINS,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR RELIEF FROM SENTENCE AND
<u>MOTION FOR CREDIT FOR TIME SERVED</u>**

Before the court are Defendant's motion for relief from sentence and motion for credit for time served, to which the government has responded.

Defendant Tyrone Collins pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On August 21, 2014, he was sentenced to 51 months in prison, to be followed by three years of supervised release. Prior to his self-surrender date, Collins was on bond.

Collins has filed a motion for credit for time served. He has not identified any specific time in custody for which he believes he was denied credit. In any event, the power to grant credit for time served lies solely with the Attorney

General of the United States and the Bureau of Prisons. 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 334-35 (1992). See also United States v. Brown, 417 Fed. Appx. 488, 493 (6th Cir. 2011). For these reasons, the court will deny Defendant's motion for credit for time served.

Defendant has also filed a motion for a reduction in his sentence, requesting that the court "consider any and all matters which have occurred subsequently to his sentencing initially or which have been overlooked, or which the USSG Guidelines amendments and changes in laws subsequently may have created 'wiggle-room' for the court to impose [a] lesser ... sentence." Docket No. 29. In making this request, Defendant is essentially asking the court (and the Assistant U.S. Attorney) to create his argument for him. It is not the court's function to serve as an advocate for either party. See Wimbush v. Wyeth, 619 F.3d 632, 639 n.4 (6th Cir. 2010) (noting it is a party's "job to point to the evidence with specificity and particularity in the relevant brief rather than just dropping a pile of paper on the district judge's desk and expecting him to sort it out"); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). To the extent Defendant has made relatively specific requests for relief, the court will address them.

First, Defendant requests that his term of supervised release be modified.

A term of supervised release may be modified only after one year of supervised release has been served. 18 U.S.C. 3583(e)(1). Because Defendant's term of supervised release has not begun, his request is premature and will be denied.

Second, Defendant again claims that he was not credited for time served. For the reasons explained above, the court will deny Defendant's motion on this issue.

Third, Defendant suggests that his term of imprisonment should be modified based upon Johnson v. United States, 135 S.Ct. 2551 (2015), or other changes in the law. As a general rule, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for some limited exceptions to this rule, which are not applicable here. See id. For example, although the statute permits the court to modify a sentence if the applicable guideline range has been lowered, the guideline range applicable to Defendant's offense has not been amended.

Johnson held that the residual clause of the Armed Career Criminal Act of 1984 was unconstitutionally vague. Johnson, 135 S.Ct. at 2556-57. Johnson does not assist Defendant, because he did not receive an enhancement to his sentence based upon the residual clause of the ACCA. Defendant not identified any other changes in the law or other grounds for modification of his sentence that apply to

him.

Accordingly, IT IS HEREBY ORDERED that Defendant's motions (Docket Nos. 29 and 30) are DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date:  June 6, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 6, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager